FILED
2008 Oct-31 PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOARD OF TRUSTEES FOR THE UNIVERSITY OF ALABAMA FOR ITS DIVISION UNIVERSITY OF ALABAMA HOSPITAL,** | }<br>}<br>}<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | }<br>}  Case No. 2:08-CV-0818-RDP |
| **SHONDA KAY HAMBY, et al.,** | }<br>}<br>} |
| **Defendants.** | } |

### MEMORANDUM OPINION

The court has before it Plaintiff's Motion to Remand. (Doc. #8). The motion has been fully briefed (Docs. #1, 8, 12, 14) and is now properly under submission for decision. The court finds that diversity jurisdiction does not exist in this case and that this case was improvidently removed. Thus, the court will grant Plaintiff's motion and remand this case back to the Circuit Court of Jefferson County, Alabama.

**I.      Procedural History.**

This case was originally filed on April 8, 2008, by Plaintiff Board of Trustees for the University of Alabama for its Division University of Alabama Hospital in the Circuit Court of Jefferson County, Alabama. (Doc. #1, Ex. 1). On May 9, 2008, Defendant Cotton States Mutual Insurance Co. ("Cotton States"), the only defendant served at the time, removed the case to this court. (Doc. #1). Defendant asserts that this court has diversity jurisdiction over this matter because Plaintiff is a "citizen" of the State of Alabama and it, the only served defendant at the time of removal, is a Georgia corporation. At the time of removal, there was one then-unserved individual

defendant, Shonda Kay Hamby ("Hamby").  Hamby is a resident of Alabama.  Defendants argue that Hamby's citizenship should be ignored for diversity purposes because she is fraudulently joined. (Doc. #1).  On May 30, 2008, Plaintiff moved to remand this case to the Circuit Court of Jefferson County arguing that diversity jurisdiction did not exist because Plaintiff is an "arm or alter ego of the State," and thus not a "citizen" for purposes of diversity jurisdiction, thus precluding diversity jurisdiction.  (Docs. #8, 14).

## II.     Legal Analysis.

It is axiomatic that this court is a court of limited jurisdiction "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  "Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. ... All doubts must be resolved in favor of a remand to state court." *Alabama State University v. Baker & Taylor, Inc.*, 998 F.Supp. 1313, 1315 (M.D. Ala. 1998) (internal citations omitted); *see also Univ. of S. Ala.*, 168 F.3d at 411.

"Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants." *Univ. of S. Ala.*, 168 F.3d at 412.  However, it is "well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332." *Id.*, at 412 (citing *Moor v. Alameda County*, 411 U.S. 693, 717 (1973) and *Postal Tele. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894)).  "[I]f a party is deemed to be 'an arm or alter ego of the State,' then diversity jurisdiction must fail." *Univ. of S. Ala.*, 168 F.3d at 412.

The arguments presented by the parties in this case are remarkably similar to those espoused by the parties in *Alabama State University v. Baker & Taylor, Inc.*, 998 F.Supp. 1313 (M.D. Ala. 1998). In that case, Judge DeMent summarized the parties' positions as follows:

> Plaintiffs argue that, under well-settled law, they are instrumentalities or alter egos of the State, as well, thus precluding diversity of citizenship jurisdiction in this case. Defendants argue that ASU and Alabama A & M possess attributes of independence sufficient to support the finding that, despite their public entity status, they are citizens of the State of Alabama. In urging the court to conduct an independent examination into whether ASU and Alabama A & M are alter-egos or instrumentalities of the state for purposes of diversity jurisdiction, Defendants argue that the court should analyze the facts of this case in light of a multi-factor analysis adopted by other courts in the same context.

*Alabama State University*, 998 F.Supp. at 1316. Like Judge DeMent, this court declines to independently apply a factoring test to determine whether Plaintiff is entitled to Eleventh Amendment immunity and, thus, is not a citizen for purposes of diversity jurisdiction.

The Eleventh Circuit has held that "the Eleventh Amendment immunity analysis is applicable to determinations of citizenship for purposes of diversity jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 412. The fact that Plaintiff is a state agency in this context has already been determined: "In the context of Eleventh Amendment immunity, we have held that state universities are 'agencies or instrumentalities' of the state, and thus are immune from suit in federal court." *Id.* (*citing Harden v. Adams*, 760 F.2d 1158, 1163-64 (11th Cir. 1985)); *Eubank v. Leslie*, 210 Fed.Appx. 837, 844 (11th Cir. 2006) ("The University of Alabama Board of Trustees is a state agency ... .") (*citing Harden,* 760 F.2d at 1163). State agencies are "entitled to the same Eleventh Amendment immunity available to the State of Alabama." *Ex parte Alabama Dept. of Youth Services,* 880 So.2d 393, 398-99 (Ala. 2003) (*citing Jones v. Phyfer*, 761 F.2d 642 (11th Cir. 1985)). Thus, as the Eleventh Circuit has stated, "[b]ased on this unambiguous precedent, we conclude that the [Board of Trustees of the]

University is an instrumentality of the state, not a citizen of the state of Alabama, for the purpose of diversity jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 412.

Even if Plaintiff could be deemed a citizen of the State of Alabama, there still would not be complete diversity between Plaintiff and Defendants. That is because Hamby was not fraudulently joined.

Defendants argue that Hamby is not a policyholder of Cotton States and the Complaint fails to state a colorable claim against her. The court disagrees. Plaintiff claims that it had a hospital lien with which Cotton States and/or Hamby interfered by accepting a settlement which impaired that lien. It may well be that during discovery the parties develop a factual record showing that Hamby was not involved in the settlement of the claim which impaired Plaintiff's hospital lien; nevertheless, the propriety of removal is to be evaluated *on the basis of the removing documents. Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007). The claim in the Complaint is adequately stated against both defendants. The removing party, bears the burden of proving that the non-diverse defendant was "fraudulently joined." *Everett v. MTD Products, Inc.*, 947 F.Supp. 441, 444 (N.D. Ala. 1996) (*citing Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *Insinga v. LaBella*, 845 F.2d 249, 253 (11th Cir. 1988)). Here, Defendant has failed to carry this burden. Therefore, even if Plaintiff were an Alabama citizen (and it is not), Defendant Hamby's presence in the lawsuit would still destroy diversity.[1]

Resolving all doubts in favor of remand, as it is obliged to do, the court concludes that it lacks subject matter jurisdiction, and that this action was improvidently removed. For these reasons,

---

[1] "The fact that the resident defendant has not been served with process does not justify removal by the non-resident defendants." *Everett*, 947 F.Supp. at 444 (quoting *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)).

this case is due to be remanded to the Circuit Court of Jefferson County, Alabama.  A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this \_\_\_\_31st\_\_\_\_ day of October, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE